JAMES B. RICHARDSON & others, executors, *vs.* RACHEL N. WILLIS & another.

Suffolk.    December 7, 1894. — February 28, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Will — Codicil — Construction — After-born Children.*

After appointing executors and trustees a testator gave by his will to his trustees "as many thousand dollars as I shall have grandchildren at my decease, that is one thousand dollars to each grandchild, in trust." By a codicil which confirmed the will "so far as this codicil is consistent therewith," the testator directed his executors and trustees to pay to certain of his grandchildren, naming them, the sum of one thousand dollars each, within six months after his decease, "it being the amount bequeathed to them in my will in section third."

Then follow the words, " The clause in section three in my will is amended in this codicil so that my executors and trustees are to receive one thousand dollars for each of the children of my son, C., and invest the same," etc. C. had three children living at the death of the testator, and two children were born subsequently. *Held,* that, taking the will and the codicil together, it was manifest that the testator intended to limit his bounty to his grandchildren living at his decease.

PETITION to the judge of probate of the county of Suffolk, by James B. Richardson, Henry C. Willis, and Richard C. Humphreys, executors of the will and codicil of Clement Willis, late of Boston, deceased, praying the instructions of the court as to their duties thereunder. At the trial in this court before a single justice, it was decreed that the decree of the Probate Court as to the construction of the third clause of the will and the seventh clause of the codicil, viz. " that the provisions therein made for the grandchildren of said testator apply to and include only those who were living at his decease, and do not apply to those born after his decease, and said executors are directed to pay said trustees the sum of one thousand ($1,000) dollars for each of the children of the said Charles J. Willis who were living at the death of said Clement Willis, but not to pay to said trustees any sum whatever for the children of the said Charles J. Willis born after the death of the said testator," be affirmed.

Rachel N. Willis and Claude J. Willis, children of Charles J. Willis, by their guardian *ad litem,* appealed to this court. The facts appear in the opinion.

*C. F. Donnelly,* guardian *ad litem,* for after-born grandchildren of the testator.

*E. B. Hale,* for the executors.

LATHROP, J. The will of Clement Willis appoints certain persons executors and trustees of his will. The third article of the will begins as follows: "I give to my trustees as many thousand dollars as I shall have grandchildren at my decease, that is, one thousand dollars to each grandchild, in trust." Then follow the terms of the trust, which need not be stated. By a codicil, which in terms confirms the will, " so far as this codicil is consistent therewith," the testator directs his executors and trustees to pay to certain of his grandchildren, naming them, the sum of one thousand dollars each, within six months after his

decease, "it being the amount bequeathed to them in my will in section third." Then follows this paragraph: "The clause in section three in my will is amended in this codicil so that my executors and trustees are to receive one thousand dollars for each of the children of my son, Charles J. Willis, and invest the same as set forth in my will."

Charles J. Willis had three children living at the death of the testator, and two children, Rachel N. Willis and Claude J. Willis, were born subsequently. The only question presented in the case is whether the after-born children are within the terms of the codicil.

Taking the will and the codicil together, it is manifest that the testator intended to limit his bounty to his grandchildren living at his decease. And there can be no doubt that in construing the codicil we should read it in connection with the will. Thus, in *Gray* v. *Sherman*, 5 Allen, 198, 199, Chief Justice Bigelow speaks of it as a well established rule of law "that the will and codicil are to be taken and construed together as parts of one and the same instrument, speaking the language of the testator at the time of his death." See also *Chapin* v. *Parker*, 157 Mass. 63, and cases cited.

The result is that the decree of the single justice of this court must be                                                            *Affirmed.*