MARY J. WEBBER, Executrix, in Equity,

*vs.*

WILLIAM T. JONES, and others.

Penobscot. Opinion December 11, 1900.

*Will. Devise. Remainder. Residue. Distribution. Counsel Fees.*

1. A testator made the following devise: "I also give and bequeath my youngest son W. T. J. the farm upon which he now lives during his lifetime, then to his children, if any, if none, to his nearest relatives."

*Held;* that the devise gave a life estate to W. T. J. with contingent remainder to his children, as a class. A child of W. T. J. living at the death of the testator, but having deceased before the death of the life tenant, took no interest which descended to his heirs; but an after-born child of W. T. J. if living at the time of her father's death, will then take by way of executory devise a vested interest in fee in common with her surviving brothers and sisters.

2. The residuary clause was as follows: "And lastly as to the residue of my real and personal estate whatever, after paying my just debts, I wish my grandchildren to have a good academic education to be paid for out of my estate, the remaining amount if any, to be kept on interest until said children are twenty years of age, then what the amount is to be divided between my said grandchildren."

*Held;* that when a legacy is made to a class as "grandchildren," and there is by the will a postponement of the division of the legacy until a period subsequent to the testator's death, every one who answers the description, so as to come within that class at the time fixed for the division, is entitled to share, but no others. By this rule the heirs of a grandchild, who was living at the death of the testator but who died before the time fixed for distribution, will take nothing; but an after-born grandchild, if living at the time fixed for distribution, will share.

*Also, held;* that the distribution under this bequest should take place when the youngest grandchild becomes twenty years of age.

ON REPORT. IN EQUITY.

Bill of interpleader, heard on bill and answers, to obtain the construction of the will of Rufus Jones, late of Veazie, deceased.

The case is stated in the opinion.

*A. L. Simpson*, for plaintiff.

*Matthew Laughlin*, for William T. and Ella R. Jones.

*C. A. Bailey*, for others.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

SAVAGE, J. Bill to obtain the construction of the last will and testament of Rufus Jones, late of Veazie. The will was executed May 23, 1894, and Mr. Jones died the following August. He left surviving him two sons, Rufus L. Jones and William T. Jones, and one daughter, Mary J. Webber, the complainant, all of whom were married. There has never been any child born to either Rufus L. Jones or Mrs. Webber. But William T. Jones at the

time of his father's death had three children living,—Fred A., born in 1881, Frank E., born in 1883, and Nellie S., born in 1888. Since the testator's death, Fred A. Jones has died; and in 1896 another child, Helen A., was born to William T. Jones.

The will of Rufus Jones, in addition to certain pecuniary and specific bequests to his children and others, contained the following paragraphs, which are the only ones that it is necessary for us to consider.

1. "I also give and bequeath my youngest son, W. T. Jones the farm upon which he now lives during his lifetime, then to his children, if any, if none, to his nearest relatives."

2. (Following other bequests) "And lastly as to the residue of my real and personal estate whatever, after paying my just debts, I wish my grandchildren to have a good Academic education to be paid for out of my estate, the remaining amount, if any, to be kept on interest until said children are twenty years of age, then what the amount is, to be divided between said grandchildren."

This will is said to be holographic, and we do not question the statement.

The estate has been in the process of settlement, the debts and pecuniary legacies have been paid, the real estate, except the farm mentioned above, has been sold and the proceeds put on interest, and the executrix holds the residuary fund for distribution under the will.

The questions presented by the bill are, in substance, what interest did Fred A. Jones, the child of William T. Jones, who has died since the death of the testator, take either in the "farm" or the residuary fund, and if any, did that interest descend upon his death to his father and mother as heirs; next, does Helen A. Jones, born since the testator's death, take any interest in the "farm" or the fund; and lastly, when may the residuary fund be distributed. For convenience in discussion we shall consider these questions first with reference to the "farm," and then with reference to the residuary fund.

I.   As to the "farm."

The will gives a life estate to William T. Jones, with remainder over to his children, if any; and, if there are no children, then to his nearest relatives.   Whether Fred A. Jones had a descendible interest in the remainder, or not, will be ascertained by determining whether the remainder to the "children" was vested or contingent.   If it was vested, he had at the death of the testator a present fixed interest to take effect in possession upon the termination of the life estate; and that interest was transmissible, devisable, descendible.   He could convey it, and upon his death intestate and unmarried, it would descend to his father and mother. But not so, if the remainder was contingent.   In that event, his interest would depend upon his surviving his father.   If he died before his father's decease, there would be nothing to descend to his father and mother.

The law favors vested remainders, and it is a rule that remainders shall be deemed to be vested rather than contingent, if they can properly be so construed; but not to defeat the intent of the testator.   *Richardson* v. *Wheatland*, 7 Met. 169.   It is the expressed intent of the testator, interpreted by his language, in the light of legal principles, which controls the construction of a will.   And in this case, we think the intent shown by the will was to create a contingent remainder in the children of William T. Jones.   The devise was to the children as a class, and was made to them "if any" that is, if any living; and if they were not living, then to others.   And we think the language used fairly implies an intention that this contingency should be determined at the time of the death of the life tenant, rather than at the death of the testator.   The testator appears to have intended that his son William T. should have the life estate and no more, that when William T. died, "then" the farm should go to the children. Such an expression as "then" or "after the death of" the life tenant, has been held not to be conclusive, and had the testator stopped there, there might be more doubt.   But he followed the estate further, and provided that in case there were no children,

the estate should go to still another class, not his own heirs, not the heirs of the remaindermen, but the nearest relatives of the life tenant, and these might be other and different persons than the heirs of the remaindermen. Now whether the estate will ultimately vest in the children or their heirs, or in other relatives of William T., is contingent upon a future uncertain event; namely, whether there shall be any "children" surviving at the time of the death of their father. 4 Kent's Commentaries, (6th Ed.) 208. A test which is found in some of the decided cases is appropriate here. Let it be supposed that one or more or all of the children should, in the lifetime of their father, convey their shares of the remainder to other parties (and this they may do if the remainder is vested,) and that all should die before their father, then it would result that nothing would be left to pass to the nearest relatives of the father, a result directly opposed to the provisions of the will, and which could not have been intended by the testator. *Spear* v. *Fogg*, 87 Maine, 132; *Richardson* v. *Wheatland*, supra. This general conclusion seems to be in accordance with the previous decisions of this court. *Hunt* v. *Hall*, 37 Maine, 363; *Read* v. *Fogg*, 60 Maine, 479; *Spear* v. *Fogg*, 87 Maine, 132. We think, therefore, that Fred A. Jones took only a contingent remainder, and left no interest which could descend to his heirs.

But as to Helen A. Jones, the after-born child, the case is different. We think she is let in, and if living at the death of her father, she will then take by way of executory devise a vested interest in fee, in common with her surviving brothers and sisters. The authorities all agree that in case of a devise over, in general terms, to a class, as "children," to take effect in the future, or upon the happening of a contingency, it is open to let in after-born children; and it is even held by some authorities, if not all, that the rule applies equally well in the case of vested remainders. 1 Jarman on Wills, (5th Ed.) 154; *Campbell* v. *Rawdon*, 18 N. Y. 412; *Dingley* v. *Dingley*, 5 Mass. 535; *Hatfield* v. *Sohier*, 114 Mass. 48; *Moore* v. *Weaver*, 16 Gray, 305; *Haskins* v. *Tate*, 25 Pa. St. 249.

VOL. XCIV.   28

II.   As to the residuum.

This legacy is also made to a class, the grandchildren of the testator.   It is a fund to be distributed, and the time of distribution is fixed at the period when "said children [grandchildren] are twenty years of age."   The rule is that where a legacy is given to a class of individuals, not by a designatio personarum, but in general terms, as "to the grandchildren of A.," and no period is fixed for the distribution of the legacy, it is to be considered as due at the death of the testator; and none but children who were born or begotten previous to that time can share in the legacy.   But where there is. by the will, a postponement of the division of the legacy until a period subsequent to the testator's death, every one who answers the description, so as to come within that class at the time fixed for the division, is entitled to share, though not in esse at the death of the testator, unless there is something in the will to show a contrary intention on the part of the testator.   And persons living at the death of the testator, but afterwards deceased before the time of distribution, are not entitled to share.   The class takes in all. who answer the description at the time fixed for distribution, and no others.   *Jenkins* v. *Freyer*, 4 Paige, 47 ; *Worcester* v. *Worcester*, 101 Mass. 128; *Hall* v. *Hall*, 123 Mass. 120 ; *Fosdick* v. *Fosdick*, 6 Allen, 41 ; Opinion of Judge HASKELL, *in re Estate of John B. Brown*, 86 Maine, 572 ; Woerner's Law of Administrators, § 434.   This rule excludes Fred A. Jones, or his heirs, from participation in the residuum.   But it will let in Helen A. Jones, if alive at the time fixed for distribution.

III.   As to the time of the distribution of the residuary fund.

The language is when "said children are twenty years of age." It is unfortunately indefinite.   We must ascertain again, if we can, the intention of the testator.   Did he intend the distribution should take place when the oldest grandchild, or when the youngest, should become twenty years of age?   We think the latter.   This construction will satisfy the literal import of the language, which is in the plural.   It also seems to be in keeping with the other purposes expressed in the residuary clause.   He therein

said it was his wish that his grandchildren should have a good academic education to be paid for out of his estate, and the remainder only was to be kept on interest until the time of distribution. But one distribution is provided for. The language does not admit of the construction that each is to be paid his share when twenty years of age. Now if the fund shall be distributed when the oldest is twenty years old, and while the younger ones are still of the age to be recipients of a "good academic education," the express wish of the testator will be defeated. He evidently did not intend that result. It may be that from circumstances he did not anticipate other grandchildren, an anticipation not verified in this case, and it may be that the birth of subsequent grandchildren will postpone the distribution longer than he expected. But that is not to the point. He evidently expected all the grandchildren first to be educated at the expense of the estate, and then, when the academic education of the youngest might reasonably be expected to be completed, namely, at the age of twenty years, the grandchildren should come into possession of what remained. And we so construe the will.

The devisees and legatees in their answers unite with the executrix in asking for a construction of the will. The questions raised are those about which doubts might well exist. Therefore we think that costs, including reasonable counsel fees, should be allowed to all parties, to be paid by the executrix and charged in her account of administration.

*Decree accordingly.*