## Summers, *et al.* v. Summers, *et al.*

### Partition.

(Decided June 30, 1916. Rehearing denied December 30, 1916. 73 South. 401.)

**Wills; Remainder After Life Estate; Devise.**—A devise of a remainder to that one of testator's children who supported an incompetent son of testator is void for uncertainty although there was no dispute regarding who fulfilled the conditions.

(Mayfield, J., dissents.)

APPEAL from Lee Law and Equity Court.

Heard before Hon. Lum Duke.

Bill by Joseph B. Summers and others against Geo. W. Summers and others, for partition of land among tenants in common.

[Summers, et al. v. Summers, et al.]

From a decree sustaining demurrers to the bill, complainants appeal. Reversed and rendered.

T. D. SAMFORD, for appellant. BARNES & BREWER, and N. D. DENSON & SONS, for appellee.

MAYFIELD, J.—This suit is primarily for partition of lands among tenants in common. Whether or not the bill shows the parties to be tenants in common depends upon the validity, or rather the invalidity, of the will of the mother of the parties, in the particular that it attempts to dispose of the remainder in the lands after the termination of a life estate devised to one Thomas Summers, who is alleged to be dead, and the life estate therefore terminated.

It is contended by the complainants, appellants here, that the attempt to dispose of the remainder fails, because of the failure of the will, or of the testator, to name or sufficiently designate which of her children should care for the life tenant, and then be entitled to take the remainder.

The will, after devising a life estate to the son Thomas proceeds as follows: "I give and bequeath forever to either one of my children who will take him into their family, and see that he is supported and treated well, for the use of said property which I intrusted to their care for his support. And in the event that the one who may first take him should die, it would then fall on the next surviving to take him. And at his or her death, those who had taken care of him, to have their pro rata share of this property, for the trouble they had with him."

It is conceded by appellants that, if the will had named the children who should care for the life tenant, and these had so cared for him, then they would take the remainder.

We are not of the opinion that the remainder failed on account of the omission of testatrix to name the children who should prima facie care for the life tenant, and therefore be entitled to the remainder. If there had been a contest among the children of the testatrix as to which had the preference in caring for the life tenant, and that issue were presented to the court, a question of more difficulty would be presented for solution. The bill does not inform us that any such contest ever arose, nor does it inform us that all of the children failed to so care for the life tenant; but,

[Summers, et al. v. Summers, et al.]

construing the bill most strongly against the pleaders, we must infer or presume that those who have received the rents, incomes, and profits since the death of the life tenant cared for the life tenant during his life; and if the provision of the will in question is valid, then such children so caring for the life tenant took the remainder, and the complainants therefore are not tenants in common with such children so caring for the unfortunate son, the life tenant.

The provision in the will construed by the Indiana court in the case of *Dennis v. Holsapple,* 148 Ind. 297, 47 N. E. 631, 46 L. R. A. 168, 62 Am. St. Rep. 526, was as follows: "Whoever shall take good care of me and maintain, nurse, clothe, and furnish me with proper medical treatment at my request, during the time of my life yet, when I shall need the same, shall have all of my property of every name, kind and description, left at my death.  5. The person, or persons, whom shall be selected by me to earn my estate, as provided in fourth clause, shall have a written statement signed by me to that effect to entitle her, him, or them to my estate," etc.

The court adjudged the will valid, holding that a will may be explained by extrinsic evidence, as to the person intended, or the thing intended, or the intention of the testator, as to each, if the employment of such evidence does not result in making more or less of the will than its terms import.

It is true the Indiana will provided that the person to be selected by the testatrix to earn her estate should have a written statement signed by the testatrix to that effect; but that does not differentiate that case from the one now under consideration. In fact, the Indiana court said as to the writing's designating the taker: "We concur with the contention of counsel for appellant that a testator, under the law, is not authorized or invested with the power of reserving in his will the right to name or appoint a legatee or devisee by means of a written statement, or instrument of the character or kind as is the letter heretofore referred to and set out in this opinion.  Neither are courts permitted to receive extrinsic evidence in order to add to, vary, or change the literal meaning of the terms of a will, or to give effect to what may be supposed or presumed to have been the unexpressed intention of the testator.  However, it is a well-affirmed legal principal that a will may be explained by such evidence:  (1) As to the person intended; (2) the thing intended; (3) the inten-

tion of the testator, as to each, when the employment of such
evidence does not result in making more or less of the will than
its terms import.　Or, in other words, the law never opens
the door to parol evidence in order to add to or take from such
instruments, but for the legitimate purpose only of applying their
terms or provisions to the objects or subjects therein referred
to, and in order to reach a correct interpretation of such language
or terms as are therein expressed."

See, also, *Chappell's Case*, 3 Ind. App. 356, 29 N. E. 924, 50
Am. St. Rep. 276, and note thereto, page 279 et seq.

If the will in question is void, its invalidity does not appear
on its face, and is not made to appear by any averments in the
bill.　The intention of the testatrix is made clear to the effect
that she intended that her property should go to her unfortunate
son during his life, as he was unable to care for himself.　She
provided that those of her children who should so care for him
should take the remainder after his death.　So far as the bill
shows, this intention has been carried out thus far and is now
being carried out; and we are not disposed to thwart or disturb
the intention of the testatrix.　The testator's intention should be
carried out if not contrary to law, even if the courts have to sup-
ply, and not only reject, words.—*Sharp v. Sharp*, 35 Ala. 574;
4 Mayf. Dig. 1157.　In construing a will it is the duty of the court
to find out the intention of the testator, and construe the language
in conformity with the intention, if it is not forbidden by law.—
*Edwards v. Bibb*, 43 Ala. 666; 4 Mayf. Dig. 1157.　If there is a
legal purpose, and the intention of the testator, as manifested in
the will, is directed to effect this purpose, the court must carry
out this purpose.　In a will the intention of the testator is not to
fail because it cannot take effect to the full extent, but it must
work as far as it can.—*Edward v. Bibb, supra;* 4 Mayf. Dig.
1157.　The learned, searching, and accurate Mr. Butler, in his
Co. Litt. 379a, states that: "No rule of law has a more ancient
origin than that if a testator expresses his intention defectively,
either by not using technical and artificial terms or by using
them improperly; yet, if his intention can be collected from his
will, the law, no matter how defective his language, will construe
his words according to his intention."

The first thing, therefore, is to ascertain what the object of
the testator is; the next, whether it is such as the rules of law
and equity will admit.　This is the sum and substance of the

common sense and the law on the subject.—*Hunter's Estate,* 6 Barr. (Pa.) 106; 7 Mayf. Dig. 961.

The remainder was by the testatrix given to those of her children who should care for her other unfortunate son, the life tenant. Nothing appears from the will, or the averments of the bill, to show that the members of this class who take are uncertain or not ascertainable. A gift in a will to such of a class of persons as fulfill a certain condition does not vest until the condition is satisfied by at least one of the class.—25 Eng. Rul. Cas. 604; 6 Mayf. Dig. 926. A gift to a class or body of persons, uncertain in number at the time of the testator's making his will, does not vest till the happening of the event which terminates the members of the class. If the gift is to take effect immediately, the members of the class are those who constitute the class at the death of the testator; and generally, if a future time or event is not designated as the time or event for determining the members of the class, the death of the testator determines the numbers.— *Webber v. Jones,* 94 Me. 429, 47 Atl. 903; *Richardson v. Willis,* 163 Mass. 130, 39 N. E. 1015; 6 Mayf. Dig. 927.

It follows that the trial court properly sustained the demurrer to complainants' bill for partition, or sale for division, because it did not show that complainants were tenants in common with the respondents, or that they had any interest in the lands in question. The learned judge of the law and equity court before whom this proceeding was had has prepared a lengthy and able opinion in support of this conclusion, which opinion has been of great service in our consideration of the case on appeal.

If a contest had arisen during the life of the unfortunate child as to which of his brothers or sisters was charged by the will with the duty, or was given the right, as the case may be, to care for and maintain the unfortunate, and in consideration thereof was entitled to the remainder, we concede that there would have been difficulties of construction, which the present bill does not present for decision. Construing the bill against the pleader, no such question ever arose. One or more of the testator's children did assume the care and control of their unfortunate brother, and did give him the care and attention and comfort which the will requested, and continued to do so, until his death and the termination of the life estate. Then should not such ones who performed the conditions precedent in the will be entitled to take the remainder as given in the will? Are they not within both

[Summers, et al. v. Summers, et al.]

the letter and the spirit of the will? If they take the remainder, is not the intention of the testatrix carried out? If the answer be "No," then the declared purpose and intention of the testatrix, which is in all things lawful, equitable, parental, and philanthropical, is defeated; and those brothers and sisters who took no responsibility under the will are allowed to take and enjoy that which, by the request of their dead mother, was to go to those who should take up the burden of her sacrifice and devotion and pity to the afflicted one.

The case presents a fit illustration of some of the ancient maxims of the law: That which was once uncertain is no longer so, after it is made certain. That is certain which can be made certain. Certum est quod certum reddi potest.

If one or more of testatrix's children did care for the unfortunate son and brother during his life, as the will directed—and, construing the bill against the pleader, they so did—it would be inequitable, as well as contrary to the will, to allow other children who did not share the burden to share in the remainder.

The majority of the court, however, do not agree with the writer, and are of the opinion that the attempt of the testatrix to create a remainder fails, because of uncertainty as to which of her several children should take, and that the uncertainty is not cured by the fact that one of the several children did care for the unfortunate brother, during the life of the latter, as was provided in the will.

It therefore results that the decree of the lower court is reversed, and one is here rendered overruling the demurerrs to the bill.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur. MAYFIELD, J., dissents.