MERRILL TRUST COMPANY, SUCCESSOR TRUSTEE UNDER
WILL OF CHARLES D. BRYANT,

*vs.*

LUCY M. PERKINS, ET AL.

Penobscot.    Opinion, May 16, 1947.

*Eaton & Peabody,* for petitioner.

*Gerard Collins,* for Marie B. Fitzgerald, Sarah Bryant, Viola Bryant Collier, John Henry Bryant, Frances Earl Taylor, Patricia Helen Taylor, James Robert Taylor, Barbara Jane Taylor, Bradley M. Bryant, John Henry Bryant, Frank L. Bryant, defendants.

*Ralph W. Farris,* for Avis Bryant and Eva Bryant, defendants.

*David Fuller,* for Bradley M. Bryant, Frank L. Bryant, James F. Bishop, Ray T. Luce, executor under will of Ella D. Colson, George Damon, James Burton Bishop, Wayne Frederick Bishop, Jon Eldin Bishop, Gary Erwin Bishop, Cary Edwin Bishop and Merrill Trust Company as Trustee under will of Annie Bishop, defendants.

*Robert J. Milliken,* for Roscoe Fitzpatrick and Jennie F. Overlock, defendants.

*D. I. Gould,* for Harold W. Casey, Donald C. Casey, Roscoe Libby, defendants.

*Edward Stern,* for Victor E. Pomelow, Zelma Garland, Stanley White, Christie Scott, Henry Harvey, Caroline B. Davis, defendants.

*C. J. O'Leary,* for Alfred L. Grant, Muriel Grant Smith, defendants.

*B. W. Blanchard,* for Ireson P. Bryant, Jr., Madeline Bryant Rowley, Edith Bryant, Alice Bryant Hanson, defendants.

*Atherton & Atherton,* for Irving Ferguson, defendant.

*Michael Pilot,* for William C. Peters, defendant.

*Prentiss Godfrey,* for Persons Unknown, claiming by, thru or under will of Charles D. Bryant, deceased, minors and persons unborn and unknown as of date of C. D. Bryant's death.

*Louis C. Stearns 3rd.,* for Persons Unknown, claiming by, thru and under the will of Charles D. Bryant, deceased, and minors and persons unborn and unknown as of the termination of the trust.

*Morris Rubin,* for Zelma Garland, Stanley White, Christie Scott and Henry Harvey, claiming under will of Charles D. Bryant.

*J. P. Quine,* for Lois Jean Withee Lufkin and Flora B. Jordan, defendants.

*John H. Needham,* for Lucy M. Perkins, Eva M. Springer, Lottie M. Snow, defendants.

*Fellows & Fellows,* for Leeott V. Bryant, Ralph H. Bryant, Franklin P. Doble, defendants.

*Edgar M. Simpson and James E. Mitchell,* for Myrtle W. Hughes, Jennie S. Woodbury, Mabel W. Daniels and Amy Leach, defendants.

*Nathaniel M. Haskell,* for Walter A. Woodbury, defendant.

*Richard Small,* for Walter A. Woodbury and Maude W. Pierce, defendants.

*F. B. Snow,* for Ephraim S. Drew, defendant.

*Percy T. Clarke,* for Mary Lynburner and Millard Spencer, defendants.

*James M. Gillin,* for Ella M. Doughty.

*Shirley Berger,* for Ella M. Doughty, Robert O. Bryant, Adrian E. Bryant, Virginia M. Johnson, Lewis F. Bryant,

Mellissa Bryant, Flora B. Jordan, Caroline B. Davis and Leroy Bryant, defendants.

*A. M. Rudman,* for Mellissa Bryant, defendant.

*Nunzi Napolitano,* for Philip D. Stubbs, Inheritance Tax Commissioner.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, JJ.

THAXTER, J. This bill in equity, before us on report, was brought for the construction of the will of Charles D. Bryant late of Bangor who died January 3, 1900 at the age of eighty-seven. He left as his only heir at law a granddaughter, Ada Stewart, whose name was legally changed to Ada Bryant. The mother had died in 1873 when the daughter was born; and the child was brought up by the grandfather, the testator, with whose will we are here concerned.

. The will of Mr. Bryant was executed three years before his death. He gave under it his homestead together with the furnishings therein to his granddaughter and $5,000 in cash. There were certain other bequests, one to an employee, and small bequests to certain nieces and nephews. Under the fourth clause the residue was left in trust to pay the net annual income to the granddaughter, Ada Bryant, as long as she should live. Then the will provided as follows:

"If the said Ada Bryant should die, leaving issue of her body, then upon her death the entire trust property remaining in the hands of the Trustee under this Will to be paid, transferred, conveyed and delivered to such issue, discharged of the trust.

If the said Ada Bryant should die, leaving no issue of her body, then the entire property constituting said trust estate, real and personaly, to be conveyed, transferred and assigned to those persons to whom it would be distributed and to whom it would pass by descent under the statutes

of the State of Maine regulating the descent and distribution of intestate estates.

Provided, however, that if my said granddaughter, Ada Bryant, should have no children of her own, and should choose to legally adopt a child or children, she shall have the right by will to dispose of an amount not exceeding Ten Thousand Dollars ($10,000) to each child so adopted, and the residuum of my estate for final distribution under the statutes of the State of Maine as aforesaid, would be reduced to that extent."

Ada Bryant married William C. Peters, one of the claimants herein, in 1906. She died December 19, 1945 testate, leaving no issue and no adopted children. This bill was brought by the successor trustee to determine the proper disposition of the balance of the trust which on February 26, 1946, when the twenty-third account was filed, amounted to $236,518.87.

William C. Peters, who was the husband of Ada Bryant Peters, claims that she, as the testator's sole heir, took a vested remainder in this trust, which was a part of her estate and was disposed of by her will. This claim is denied by all the others who have filed briefs, who contend that the will shows an intention on the part of the testator to exclude her from sharing in the remainder as an heir. They are not in agreement, however, among themselves as to whether this remainder was vested or contingent, in other words as to whether the heirs who would take it are to be determined as of the date of death of the testator or as of the date of death of the beneficiary, Ada Bryant Peters.

The problem in construing a will is to determine a testator's intent. That takes precedence over all else. This, as was said in *Bradbury* v. *Jackson,* 97 Me., 449, 455, 54 A., 1068, 1070, is the " 'pole star' . . . of testamentary construction." There is no dispute among the authorities as to this rule. In England Lord Justice Lindley in *In Re Morgan* (1893), 3 Ch., 222, 228,

said: "Of course there are principles of law which are to be applied to all wills; but if you once get at a man's intention, and there is no law to prevent you from giving it effect, effect ought to be given to it." For a discussion of the same question, see *Abbott* v. *Danforth*, 135 Me., 172, 192 A., 544; *Rogers* v. *Walton*, 141 Me., 91, 39 A., 2d, 409.

What was the testator's intent with respect to the provision that he made for his granddaughter under the fourth clause of his will?

In the very first clause of his will he called attention to the fact that his granddaughter "would now be my sole heir if this Will were not made." And it may well be argued from this statement that he was expressing a purpose not to give her the rights of an heir at law. This purpose is even more apparent from other provisions of the will. He set up a trust for her in which her only interest was to receive the net annual income, the entire trust property on her death was to go to her children, his own direct descendants, and if there were no such children, to his heirs. If she should adopt children she was given the right to give to each such child by will "an amount not exceeding Ten Thousand Dollars ($10,000)." Was not that limited power of disposal utterly inconsistent with the claim now made by her husband that she had an unlimited power to dispose of this trust property as she might wish? Does not the will of Mr. Bryant show a clear purpose to dispose of his estate among his own blood, first the income to his granddaughter, the corpus to her children, if there should be any, or if not to his own blood relatives? To this end did he not deny to her control over his property so that she could not dispose of it as she might wish in case she should die without issue? To concede that she had such right would in our opinion be contrary to his intent as disclosed by his will. The facts in this case are similar to those in *Abbott* v. *Danforth*, supra, in which it was held that the life tenant was excluded as an heir.

Was the remainder contingent or vested?

If a remainder is vested there is an estate in praesenti, a present fixed property right though to be possessed and enjoyed in the future. A vested remainder was, even at common law, an estate which was descendible, devisable, and alienable. *Belding* v. *Coward*, 125 Me., 305, 133A., 689; 33 Am. Jur., 614.

A test of a contingent remainder is that it is so limited as to depend on some event which is uncertain to happen or on a condition which may not be performed, or on an event or a condition which may not happen or be performed until after the termination of the particular estate on which the remainder depends. *Giddings* v. *Gillingham*, 108 Me., 512, 81 A., 951; 33 Am. Jur., 529. Contingent remainders were at common law inalienable and could not be devised. *Schapiro* v. *Howard*, 113 Md., 360, 78 A., 58, 140 Am. St. Rep., 414. For a discussion of this subject and the changes which have been made by statute, see 23 Am. Jur., 614, et seq. See also Rev. Stat. 1944, Ch. 154, Sec. 3. The provisions of our own statute have no application here.

A review of other cases with facts very similar to those before us shows clearly that the remainder with which we are here dealing is contingent.

In the old English case of *Loddington* v. *Kime*, 1 Salk., 224, a testator devised land to A for life, and if he have issue male, then to such issue male and his heirs forever; and if he die without issue male, then to B and his heirs forever. It was held that the remainders to both the issue of A and of B were contingent.

In *Goodright* v. *Dunham* (1779), 1 Doug., 264, there was a devise to J. L. for life "and, after his death, unto all and every his children equally, and to their heirs, and, in case he die without issue, I give the said premises unto my said two daughters and their heirs, equally to be divided between them." The court, speaking through Lord Mansfield, held both remainders contingent.

It is unnecessary to review the cases generally in this country. Those in our own jurisdiction which are typical of many others

elsewhere seem to be decisive and in accord with the early English authorities.

In *Webber* v. *Jones,* 94 Me., 429, 47 A., 903, 904, a bill in equity was brought for the construction of the following provision of a will: "I also give and bequeath my youngest son, W. T. Jones, the farm upon which he now lives during his lifetime, then to his children, if any, if none, to his nearest relatives." The court held that the remainder to the children of the life tenant, or to his "nearest relatives" as the case might be was contingent upon a future uncertain event, namely whether there would be any children surviving at the time of the death of their father. The court points out, page 432, that the devise was to the children as a class "and was made to them 'if any' that is, if any living; and if they were not living, then to others." And then follows this language which has a significant bearing on the case now before us: "And we think the language used fairly implies an intention that this contingency should be determined at the time of the death of the life tenant, rather than at the death of the testator." In other words, until the members of the class could be determined the remainder in the children would not vest, and likewise, until it could be determined whether there would be children living at the death of the life tenant, it could not be determined whether the "nearest relatives" of the life tenant would take. Both remainders were therefore contingent.

Let us apply this reasoning to the case now before us. Whether there would be children of Ada Bryant Peters surviving her could not be determined until the time of her death. Until then, whether the heirs of the testator would take under the fourth clause of his will was uncertain, and until then the remainder to the heirs was clearly a contingent remainder.

To the same effect is the case of *Giddings* v. *Gillingham,* supra. A testator left property in trust for the benefit of his wife and others. Then follows this provision: "On the decease of my wife Lucy L. Humphrey, I direct the following disposition

of the residue of my estate by my executors or administrators and the trustees under this will." Then follow various bequests. The court held that these remaindermen took contingent and not vested remainders. Such was held to be the testator's intent. This intent was discovered from a number of circumstances but primarily from two which have great significance in the case which we are considering. Firstly the court points out that the disposition of his property was not to be made until the death of the wife and that some of those who would take would remain uncertain until that time. On this point we find the following language at page 517: "The 'disposition' is not made by the testator at the time of his death, but is to be made by his legal representatives after the decease of his wife. Nowhere in the will is there a gift or bequest to these legatees independent of the direction to his executors or trustees to pay them at a future time. The gift, therefore, implied from the direction to pay, speaks as of the time of payment and not as of the date of the testator's death. The courts have always held that the fact that there are no words of present gift has great weight in indicating that the testator intended that the title should not vest until the period of distribution should arrive, and that the bequest should be contingent until that time." Secondly, it is pointed out that one of the provisions for the disposition of a part of the remainder on the death of the wife was to pay $1,000 to each of the children of a brother. As to this the court said, page 520: " . . . where there are no words in a will importing a gift to a class, as children or grandchildren, except in the direction to make a division among them at a period subsequent to the testator's death, the interest is contingent and the members of that class are to be ascertained as of the time fixed for the division."

Though the law favors vested rather than contingent remainders, we must hold in the light of these authorities that there was here an intent on the part of the testator to create a contingent remainder in those persons to whom on the death

of Ada Bryant Peters his estate "would be distributed and to whom it would pass by descent under the statutes of the State of Maine regulating the descent and distribution of intestate estates." His purpose is clear that the persons who are to share under this provision of his will are to be determined as of the date of the death of the granddaughter and not as of the date of the death of the testator.

*The case is remanded to the Superior Court for a decree in accordance with this opinion.*