JACOB H. BERMAN, ADMR., ET AL.
*vs.*
LEWIS B. SHALIT

Cumberland.   Opinion, December 1, 1956.

*Berman, Berman & Wernick,* for plaintiff.

*Paul L. Powers,*
*Richard S. Chapman,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ., MURRAY, A. R. J.

. MURRAY, A. R. J.   This case came to this court on report on an agreed statement of facts. It is a bill in equity for

the construction of two wills. It was brought by Jacob H. Berman, Admr. et al. vs. Lewis B. Shalit. Jacob Berman, since the bringing of the bill, has deceased, and Sidney W. Wernick has been appointed Admr. C. T. A. and succeeds Berman as party plaintiff.

The first will is that of Bernard L. Shalit, the second that of his son Harold M. Shalit. The bill alleges, in substance, that both wills are so interwoven on account of taxes that it is necessary that both be construed.

There does not seem to be any issue of fact. The issue seems to be one of law, viz.: Whether the son Harold M. received anything under paragraph three of the father's will, which he the son Harold conveyed by his will.

The father, Bernard L. Shalit died, and there survived him his widow, Annie R. Shalit, his two sons Harold M. and William A. Shalit. The widow Annie R. and the son William A. are still living. The son Harold M. died after the death of his father Bernard L.

The first thing to consider is the following part of the will of the father, Bernard L., — this will answer the question as to both wills:

"Third: The rest, residue and remainder of the Estate of which I shall die seized or possessed, real, personal and mixed, I give, bequeath and devise to my wife, Annie R. Shalit, to have and to hold and to enjoy the income of during the period of her natural life. Upon the death of my said wife the said property so held by her shall go in equal parts to my said sons, Harold and William, to them and their heirs forever. If either of said sons shall die before my said wife, said deceased's son's share shall go to his legal heirs. The said provision for my wife, Annie R. Shalit, is made subject to the following conditions:

a. If she shall remarry, all of the property held by her shall, on the date of such marriage,

vest in equal parts in my said wife and my said sons, to be held by them and their heirs forever. Provided, however, that if either of my said sons shall have died before such time, the share of said deceased son shall vest in his legal heirs."

Again repeating what has been many times repeated: "It is the intention of the testator which must prevail in the construction of a will. But that intention must be found from the language of the will read as a whole illumined in cases of doubt by the light of the circumstances surrounding its making." *Cassidy* v. *Murray*, 144 Me. 326-328.

In addition to the will, we have taken into consideration the circumstances surrounding the making of the will and the agreed statement of facts. The parties have cited many cases which we have carefully considered. We feel that it is unnecessary to cite all of them in this opinion. Some have been helpful, some have not. The reason is that they lack the authority properly accorded to precedents in the application of legal principles generally, because it is the intention of the testator in the particular will under consideration, which is being sought. *Abbott* v. *Danforth*, 135 Me. 172, 192 Atl. 544.

We agree with the contention of the plaintiffs, that the law favors vested remainders, particularly when the distribution is to be made to heirs of the testator. We also agree that it is the intention of the testator which takes precedence over all else. "Of course there are rules of law which are to be applied to all wills; but if you once get at a man's intention, and there is no law to prevent you from giving it effect, effect ought to be given to it." *Merrill Trust Co.* v. *Perkins*, 142 Me. 363, 368.

The question is simply did the sons receive a contingent or a vested remainder. If the son Harold received a vested remainder under his father's will it could be conveyed by

Harold's will. If he received a contingent remainder it could not be conveyed by his will.

"A test of a contingent remainder is that it is so limited as to depend on some event which is uncertain to happen or a condition which may not be performed." *Merrill Trust Co.* v. *Perkins,* 142 Me. *supra* 369.

The life estate in this case could be terminated by the remarriage of the widow or by her death. The deceased son, Harold, had a contingent remainder, the contingency being that he would be alive at the time of the remarriage or death of his mother. Of course if Harold's remainder was contingent he had taken nothing before his death because under the terms of the father's will the father provided: "If either of my said sons die before my said wife, said deceased son's share shall go to his legal heirs." Also, "If she shall remarry, x x x provided, however, that either of my said sons shall have died before such time the share of said deceased son shall vest in his legal heirs."

At the time of Harold's death his mother had neither died nor remarried.

As to the will of Harold we hold he took nothing under paragraph three of his father's will therefore conveyed nothing.

Fees are to be allowed to counsel to be set by a single justice below, to be charged to estate of Bernard L. Shalit. *A decree may be drawn according to this opinion.*

*Case remanded.*