# Booth v. Foster.

*Bill in Equity for Sale of Lands for Partition.*

1. *Advancement to distributees; jurisdiction of court of equity to equalize them on bill for partition; not affected by alienation.*—A court of equity, as incidental to partition among heirs, after jurisdiction has attached for such purpose, has the power to adjust and equalize advancements; and the alienation by one of the joint owners of his interest can not affect this right, since the purchaser is chargeable with notice of all equities existing between his vendor and the other joint owners.

2. *Same.*—In order to establish an advancement by a parent to a child, it is necessary to show satisfactorily an intention on the part of the parent, coincident with the transaction, to treat the gift as an anticipation of the child's share of the donor's estate if he dies intestate; and the burden of making this proof is upon the party asserting an advancement.

3. *Same; when not shown by the evidence.*—Where an ancestor, at the request of his daughter sold a portion of his estate for the purpose of obtaining money, which he used to procure the release of said daughter's husband from prison, such transaction does not constitute an advancement to said daughter in the absence of proof showing satisfactorily an intention on the part of the ancestor to treat the gift as an anticipation of the daughter's share of his estate, if he died intestate.

APPEAL from the Chancery Court of Tuscaloosa.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee against the appellants, and prayed for the sale of land for partition. The question presented on this appeal is,

[Booth v. Foster ]

whether the deed made by William Forrester to one John Snow was an advancement to his daughter, Mrs. Robinson, from whom the complainant derived title. The facts in reference to this question are sufficiently stated in the opinion.

Upon the submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for. The respondents prosecute this appeal from that decree, and assign the same as error.

HARGROVE & VANDEGRAAFF, for appellant.—1. The question involved in this contention is whether there is error in the decree of the court below in holding that the deed made by William Forrester to John Snow was not intended as an advancement to his daughter, Jennie Robinson. It is claimed by appellants that the chancellor has wholly mistaken the facts and the law in the rendition of his decree. "An advancement is to give, by anticipation, the whole or a part, of what it is supposed a child will be entitled to on the death intestate of the party making it." This is the language of Justice Henton in the case of *Darne v. Lloyd*, 82 Va. 859 ; Bouv. Law Dictionary, 6 ; *Clarke v. Willson*, 27 Md. 693 ; *Miller's Appeal*, 80 Amer. Dec. 559. Freeman., J. in *Johnston v. Patterson*, 13 Lea (Tenn.) 626, defines an advancement to be "a gift by a parent *in presenti* of a portion, or all of the share of a child in his estate which could fall to such child at the parent's death, by the statute of distribution or descent."

2. Money or property given to a child will be presumed to be intended as an advancement unless this presumption is rebutted.—*Autrey v. Autrey*, 37 Ala. 614 ; *Mitchell v. Mitchell*, 8 Ala. 421, *Merrill v. Rhodes*, 37 Ala. 449 ; *Smith v. Smith*, 21 Ala. 761. The fact that one child has received more than another, raises a presumption that an advancement was intended.—*Miller's Appeal*, 40 Pa. St. 57, s. c. 80 Amer. Dec. 555. The declarations of the donor, before, and after and at the time of the transaction, and the admission of the donee, are always admissible in evidence to show the intention, in questions of advancements.—*Mitchell v. Mitchell*, 8 Ala. 415 ; *Butler v. Ins. Co.*, 14 Ala. 777 ; *Merrill v. Rhodes*, 37

[Booth v. Foster.]

Ala. 449; *Smith v. Smith*, 21 Ala. 761; *Fennell v. Henry*, 70 Ala. 484.

3. Mrs. Robinson was the cause of the sale of the land to Mr. Snow. The sale was made at her request and for her benefit, and she is bound, in equity and good conscience, to account for its proceeds; and her father unquestionably expected his estate to be distributed on this basis. "Equity is equality." It has been held that the intention of the donor to advance his daughter will be presumed from the fact that he conveys to her husband upon the sole consideration of the existence of the marriage relations between them.—*Barber v. Taylor*, 9 Dana 84; *Stevenson v. Martin*, 11 Bush 485; *James v. James*, 41 Ark. 301; *Baker v. Leathers*, 3 Ind. 558; *Miller's Appeal*, 80 Amer. Dec. 561, note.

FITTS & FITTS, *contra*.—1. It is impossible to contend that the money given to release James Robinson was given with the intention of advancing in life either Jennie Robinson or her husband. Advancements may consist of annuities, contingent portions, life insurance policies, conveyances of land, and ready money.—1 Amer. & Eng. Encyc. of Law, 217. But we fail to find that the payment of fines and costs in criminal prosecutions have ever been so considered. The presumption of an advancement may be repealed by the nature of the gift.—*Clements v. Hood*, 57 Ala. 459; *Mitchell v. Mitchell*, 8 Ala. 414; *Butler v. Ins. Co.*, 14 Ala. 777; *Merrill v. Rhodes*, 37 Ala. 449; *Autrey v. Autrey*, 37 Ala. 614.

2. Even if the appellants were able to establish the fact of an advancement to Jennie Robinson which we think they have failed to do, Foster would be entitled to that protection, which courts of law and equity have always been careful to give *bona fide purchaser for value and without notice*. The preponderance of evidence shows that the Robinsons were, in the month of August, 1890 (the same month in which they conveyed to Foster) resident upon the land, in which the interest was conveyed. There could, therefore, have been no duty upon Foster to enquire into the title of his grantors further than the same was shown by the deeds in the chain of title. There was no obligation upon him to inquire into collateral circumstances.—*Burch v. Carter*, 44 Ala. 115. A court of chancery will protect a purchaser, who

buys a tract of land, pays the purchase money and obtains a legal title without notice of an outstanding equitable title.—*Henrick & Powell v. Thompson*, 9 Ala. 409; *Moore v. Clay*, 7 Ala. 742; *Wells v. Morrow*, 38 Ala. 125. A bona fide purchaser for value and without notice is protected from the lien of his grantor's vendor.—*Gordon v. Bell*, 50 Ala. 213; *Shorter v. Frazer*, 64 Ala. 74; *Craft v. Russell*, 67 Ala. 9; *Turner v. Wilkerson*, 72 Ala. 361; *Bankhead v. Owen*, 60 Ala. 457; from the lien of an execution after such bona fide purchase for value.—*Thames v. Rembert*, 63 Ala. 561; and from the equity of the surety to have the property of the principal first applied to the payment of the common debt.—*Gresham v. Ware*, 79 Ala. 192.

BRICKELL, C. J.—William Forrester died intestate, owing no debts, leaving six heirs at law. At the time of his death, he was seized in fee of 160 acres of land situated in Tuscaloosa county, and which descended to his heirs. One of the heirs, Mrs. Jennie Robinson, with her husband, executed, after the death of William Forrester, a conveyance to the complainant, Henry B. Foster, of all her right, title and interest in the said lands, and the bill was filed for a sale of the lands for partition between himself and the other heirs, on the allegation that the property could not be equitably divided without a sale.

The heirs (with the exception of Mrs. Robinson, who having conveyed, was not made a party) filed a joint answer in which the averments of the bill were substantially admitted. It was averred, however, that the decedent had in his lifetime, conveyed to one Snow, for the benefit of his daughter, Mrs. Robinson, a tract of 40 acres of land, with the understanding and agreement that it should be treated as an advancement, and should be in satisfaction of all her right and interest in his estate. The answer was made a cross-bill, and it was prayed that the deed from Mrs. Robinson and her husband to the complainant might be ordered given up and cancelled.

It was held in *Marshall v. Marshall*, 86 Ala. 383, that as incidental to a partition among heirs, a court of equity might adjust and equalize advancements. An alienation by one of the joint owners, cannot of course, affect this right. The purchaser is chargeable with notice of

[Booth v. Foster.]

all the equities existing between his vendor and the other joint owners.

The only question admitting of serious contention, is whether the sum received by William Forrester from Snow as the purchase price of the forty acres sold him, was an advancement to the daughter, Mrs. Robinson. The evidence may, perhaps, sustain the conclusion that while the money was procured by the ancestor, at the request of the daughter, Mrs. Robinson, it was not used to pay a debt for which she was in any wise bound, nor was it used for a purpose which, in a legal sense, was of any benefit to her. Her husband was in prison and the money was used in a lawful way by his father-in-law to procure his release. Such a transaction cannot be said *prima facie* to constitute an advancement. To treat it as "a portion or settlement in life," would be an unwarranted extension of our statute.—Code, § 2930; *Fennell v. Henry*, 70 Ala. 486.

We will not say, that if it was clearly shown that such was the intention of the parent an advancement might not result. But the burden in this record is, as we have said, upon the complainants in the cross-bill, in the first instance, and was not discharged or shifted by proof of the facts we have stated. The evidence, in such case, must go further and show satisfactorily an intention coincident with the transaction to treat it as a "portion or settlement in life;" as an anticipation of the daughter's share of the donor's estate, if he died, intestate. There was not probably any well defined intention in this respect, in the mind of the donor, at the time of the transaction, and that is the period of time at which it must have existed. After a careful consideration of the evidence in the record, we conclude, with the chancellor, that the proof does not reach this point. It results that the decree of the court below is affirmed.