# Ellis, *et al*, *v.* Crawson.

*A Bill to Have Declared Null and Void a Paper Pur-*
*porting to Be a Will, and to Have the Probate*
*Proceedings Leading Up to its Probate and*
*the Probating of the Will Annulled*
*and Set Aside.*

(Decided June 30th, 1906. 41 So. Rep. 942.)

1. *Wills; Suit to Contest; Limitation.*—The fact that some of the heirs at law of a testatrix were barred under the statute from proceeding in chancery to contest the will, did not affect the right of a minor who was not properly represented at the probate of the will in the probate court to contest the probate of the will.—Sections 4298, 4299, Code 1896.

2. *Same; Pleading; Demurrer.*—In a suit in chancery to contest a will after its admission to probate where it was sought, in addition to setting aside the will, to have a deed from a lega- tee set aside, and also an injunction against the legatees gran- tees to restrain them from disposing of the property, the ex- tent and character of complainant's relief being determinable in the final decree, such question could not properly be raised by a demurrer to the bill.

3. *Appeal; Review, Failure to Demur.*—The question of multifarious- ness of a bill cannot be considered on appeal, although argued by appellant in the absence of a demurrer to the bill raising this question.

4. *Equity; Pleading; Bill; Inconsistency and Repugnancy.*—Without being multifarious a bill may be inconsistent and repugnant in its averment.

5. *Same; Wills; Contest.*—The bill avers that the will was not at- tested by two witnesses, while the copy of the will attached as an exhibit thereto discloses two subscribing witnesses.— Held, not to render the bill repugnant in averments.

6. *Wills; Contest; Allegations of Grounds.*—In a contest in chan- cery of a will under Sections 4298-4299, the party contesting is not confined to any one ground of contest, but all the grounds of contest mentioned in Section 4287 may be alleged.

7. *Same; Sufficiency of Bill; Allegation of Fraud.*—The allegations of grounds of contest should state facts and not conclusions and the bill alleging the execution of the will procured by fraud and misrepresentation without averring any facts con- stituting such fraud and misrepresentation is open to demur- rer.

[Ellis, *et al.* v. Crawson.]

APPEAL from Jefferson Chancery Court.

Heard before the Hon. A. H. BENNERS.

This was a bill filed by Florence Crawson by her next friend against Bessie Ellis et al. seeking to have declared null and void and set aside a paper writing purporting to be the last will and testament of Martha Laws, and also seeking to have declared null and void all the proceedings in the probate court admitting said alleged paper writing to probate as the last will of said Martha Laws; also seeking to have declared the rights of complainant in the property mentioned therein, to-wit, a one-third interest; also seeking to have a deed from William Laws to Bessie Ellis and Joe Ellis conveying said property to them declared a cloud upon complainant's title, and to set aside and annul the same; it also seeks injunction against all the respondents, their agents, and attorneys to restrain them from selling, disposing of, or otherwise interfering with the property, and for a receiver to take charge of the same. The facts made by the bill are as follows: Complainant is a minor, and the only heir at law of a sister of Martha Laws. That on the 19th day of March, 1903, Martha Laws died, leaving no child or children, but leaving a husband, William Laws, and the following next of kin. (Here follows a list of the next of kin including the mother of complainant, who is alleged to have died before Martha Laws.) That Martha Laws left at the time of her death certain real estate and personal property as described in the bill. It is further alleged that Martha Laws left no will, and made no disposition of her property, but that soon after her death her husband, William Laws, presented to the probate court of Jefferson county a paper writing purporting to be the last will and testament of said Martha Laws, which was duly admitted to probate. That by said alleged will all of the property was left to the husband, and in the said paper writing the husband was nominated as executor without bond. The bill further alleges "that said paper writing was not the will of said Martha Laws, that the same was procured by the fraud and misrepresentation of William Laws and one Joe Ellis. But notwithstanding this the said William Laws'

by fraud and misrepresentation procured the said paper writing to be probated by the probate court of Jefferson county, Ala., in May, 1903, as and for the last will and testament of Martha Laws. Complainant avers that the probating of said will or paper writing as the will of Martha Laws was obtained by the fraud and misrepresentation of William Laws and one Joe Ellis. * * * Complainant further avers that at the time the said paper writing is alleged to have been executed by said Martha Laws she was mentally unable to execute a will or to make any disposition of her property, besides she did not intend or attempt to do so, but that the whole paper writing purporting to be her last will and testament was prepared and her name signed thereto by a mark by one Joe Ellis without the knowledge or consent of said Martha Laws but by the fraud and procurement of William Laws and Joe Ellis, and that the paper writing was written out by Joe Ellis, and the witnesses' names attached thereto were signed by Joe Ellis." The bill also alleges that complainant was not legally represented during any of the probate proceedings admitting the will to probate. That after the will was admitted to probate, William Laws took charge of the property, and on the 8th day of June, 1904, executed a deed to the property to Bessie Ellis and Joe Ellis, Jr., minor children of Joe Ellis above referred to, reserving the use and benefit of the same to himself during his life. The bill also alleges that this deed was without consideration, and that the will was not signed by two witnesses. There was motion to dismiss the bill for want of equity which was overruled. The defendant then demurred to the bill and the averments thereof as being inconsistent and repugnant one with the other. That the allegations of fraud contained therein were mere conclusions and facts constituting the fraud were not set forth with sufficient definiteness and certainty. Various other grounds were assigned raising the other questions discussed in the opinion, and not necessary to be here set out. From a decree overruling these demurrers, this appeal is prosecuted.

[Ellis, *et al.* v. Crawson.]

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant.
—The demurrers to the bill and to the several portions
of the bill raising the question of multifariousness and
that the bill contained repugnant and inconsistent alle-
gations, were well taken and should have been sus-
tained.—*McEvoy v. Leonard,* 89 Ala. 455; *Banks v.
Speers,* 103 Ala. 406; *Tillman v. Thomas,* 87 Ala. 321.
No fraud is alleged, or rather no facts are alleged con-
stituting the fraud claimed.—*Flewellen v. Crane,* 58
Ala. 627; *Morgan v. Morgan,* 68 Ala. 80; *Chamberlain
v. Dorrance,* 69 Ala. 40; *McHan v. Ordway,* 76 Ala. 347;
*Bell v. S. B. & L. Asso.,* 140 Ala. 377. The allegations
of the bill do not make a case of testamentary incapac-
ity on the part of Martha Law.—*Taylor v. Kelly,* 31 Ala.
59; 4 Mayfield, p. 1140. The allegations of the bill
that the will was not properly attested are not supported
by the copy of the will annexed.—§ 4263, code 1896; *Mer-
ritt v. Phoenix,* 48 Ala. 87; *Sharpe v. Orme,* 61 Ala. 263;
*Rogers v. Adams,* 66 Ala. 600; *Terry v. Forbes,* 94 Ala.
135. The attestation is sufficient to show prima facie
that the witnesses subscribed their names in the presence
of the testator.—*Woodroof v. Hundley,* 127 Ala. 640.
The complainant being entitled only to a third interest
in the estate, the court cannot decree that said will and
probate proceedings are null and void.—§ 2299, code
1896; *Sampson v. Sampson,* 30 Pac. Rep. 979; *Bailey v.
Stewart,* 2 Redf. Sur. 227. All the necessary parties
were not made parties respondent or complainant to the
bill.—*McGee v. Linton,* 104 Ala. 120; 94 Ala. 479; 86
Ala. 867; *Perkins v. Briarfield Co.,* 77 Ala. 403; *Nicrosi
v. Calera Co.,* 115 Ala. 429.

R. H. PEARSON, and SHARPE & MILLER, for appellees:
—Where a bill sets forth facts which entitles complain-
ant to relief, it is no objection to the bill that it avers
cumulative facts.—*Worthington v. Miller,* 134 Ala. 422;
*Noble v. Moses Bros.,* 81 Ala. 530. A demurrer cannot
properly be directed to allegations not separable from
the rest of the bill and not alone constituting the basis
of the relief sought.—16 Cyc. p. 274. A reading of the
bill will disclose that the demurrers were properly over-
ruled.

[Ellis, *et al.* v. Crawson.]

DOWDELL, J.—The primary purpose of the bill is the contest of the will of Martha Laws, deceased, which had already been admitted to probate in the probate court of Jefferson county. The complainant was a minor at the time of the filing of the bill, and she files her bill by next friend. Under the averments of the bill, the right to come into the court of chancery for the purpose of contesting the alleged will, is given her by the statute. —Code 1896, §§ 4298 and 4299. The fact that some of the heirs at law of the deceased are barred under the statute by lapse of time from proceeding in chancery to contest the will does not affect the right of the complainant, who is not barred, from maintaining her bill for that purpose. And the question of the extent and character of the complainant's relief is one determinable in the final decree, and is, therefore, not properly raised by demurrer to the bill.

There is no demurrer to the bill on the ground of multifariousness, and hence that question, although argued by counsel for appellants, is one not presented by the record for consideration. There is a ground of demurrer that the bill is inconsistent and repugnant in its averments. A bill may be inconsistent and repugnant in averment without being multifarious. The alleged repugnancy is that the bill avers that the purported will was not attested by two witnesses, whereas the copy of the alleged will which is attached as an exhibit to the bill discloses that there were two subscribing witnesses. The bill avers as a fact that the will was not subscribed by two witnesses who signed as such in the presence of the testator. The copy of the will might show on its face that two witnesses regularly subscribed as such, yet it might not be true in fact.

On the contest of a will, the party contesting is not confined to any one single ground of contest. The statute (Code 1896, § 4287), in reference to the contesting of a will provides; "by filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of unsoundness of mind of the testator, or, of any other valid objections thereto." Any

[Ellis, *et al.* v. Crawson.]

objection which goes to the validity of the alleged will is a ground of contest. And all of the grounds of objection to the validity of the will may be averred in the contest. And the same thing may be done where the proceeding to contest is by a bill in chancery. Good pleading, however, requires that in stating the grounds of the contest facts should be averred, and not conclusions. The bill in this case, as the ground of contest, avers that the execution of the alleged will was procured by fraud and misrepresentation, without averring any facts constituting the alleged fraud and misrepresentation. This is an insufficient averment, and in this respect the bill was open to demurrer. The rule is, where fraud is charged, facts constituting the fraud should be stated.—*Flewellen v. Crane,* 58 Ala. 628; *Morgan v. Morgan,* 68 Ala. 80; *Chamberlain v. Dorrance,* 69 Ala. 40; *Bell v. So. Building Loan Ass'n,* 140 Ala. 377, 37 South. 237, 103 Am. St. Rep. 41; 2 Brick. Dig. 330. The ground of demurrer assailing the bill in this respect was well taken, and should have been sustained.

The bill avers that said Martha Laws was "mentally unable to make a will" at the time of making the alleged will. It may be that this may be taken as an averment of that "unsoundness of mind" which incapacitated her to make a will, but the bill in this respect might be improved.

For the error pointed out, the decree will be reversed, and one here rendered sustaining the demurrr to the part of the bill as indicated above.

Reversed and rendered.

WEAKLEY, C. J., and HARALSON, and DENSON, JJ., concur.