148 So. 114

### ETHEREDGE v. ETHEREDGE et al.

### 8 Div. 468.

Supreme Court of Alabama.

April 20, 1933.

Rehearing Denied May 18, 1933.

Wm. L. Chenault, of Russellville, for appellant.

E. W. Godbey, of Decatur, for appellees.

BOULDIN, Justice.

The original bill was filed for the sale of lands for division among tenants in common. Its equity was sustained on former appeal. Etheredge v. Etheredge, 219 Ala. 660, 123 So. 48.

The bill was thereafter amended by setting up a sale of the interest of complainant under execution pending this suit, followed by sheriff's deed. The vendee of the purchaser was brought in as a party respondent.

By the amended bill complainant seeks to redeem the property from such vendee, or, in the alternative sell the property for partition and apply so much of the complainant's share of the proceeds as necessary to pay the sum due the vendee as upon redemption.

■ Not considering any question growing out of the sale under execution lis pendens, as a bill to redeem, the bill as amended was insufficient on demurrer.

To excuse a tender, complainant merely avers he made written demand on the vendee for a statement in writing of the amount of the debt and lawful charges claimed for redemption, and the same was not furnished within ten days as per section 10144 of the Code of 1923. This section, the same in all respects as section 5748, Code of 1907, has been uniformly held not to entitle the redemptioner to go into equity upon the averment solely of the facts set out in such statute.

■■ The bill must show some occasion for such demand; that the amount required to redeem is unknown to complainant, and is not reasonably ascertainable without the aid

of a court of equity. The filing of a bill to effect a statutory redemption is different from a bill to effectuate the equity of redemption, a bill as of right, prior to foreclosure. Francis v. White, 160 Ala. 523, 49 So. 334; Foerster v. Swift, 216 Ala. 228, 113 So. 31; Johnson v. Williams, 212 Ala. 319, 102 So. 527; Hart v. Jackson St. Baptist Church, 224 Ala. 64, 139 So. 88.

The defect in this regard was repeatedly pointed out by demurrer; and opportunity to amend after demurrer sustained repeatedly given.

Regardless of other defects, the bill was properly dismissed for failure to so amend.

Affirmed.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.