167 So. 265

### ALEXANDER v. LETSON.

8 Div. 680.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

W. L. Chenault, of Russellville, for appellant.

R. L. Almon, of Moulton, for appellee.

THOMAS, Justice.

The bill was to effectuate statutory redemption.

The appeal is from a decree of the circuit court, in equity, canceling the mortgage executed by J. P. Letson on February 1, 1924, and allowing redemption from foreclosure sale of the mortgage of date of April 10, 1915.

There was demand for possession of the lands after foreclosure, and the evidence supports the finding of the trial court that possession was surrendered to the purchaser at foreclosure within the time prescribed by statute. Section 10143, Code; Dewberry et al. v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; Shafer v. Myers, 215 Ala. 678, 112 So. 230; Johnson v. Williams, 212 Ala. 319, 102 So. 527.

 There was demand in writing by the party having the right to redeem under the statute, and a failure by the purchaser at foreclosure to make reply thereto, as required by the law of the case, furnished a good excuse for failure to aver payment, or tender, or to bring the amount secured by the mortgage, if any, into court. Sections 10144, 10145, Code; Dewberry et al. v. Bank of Standing Rock, supra; Johnson v. Williams, supra; Fellows et al. v. Burkett, 219 Ala. 601, 122 So. 808. The distinction between statutory redemption and equitable redemption was discussed in Southside Bank v. Daniel, 221 Ala. 327, 128 So. 779; Dewberry et al. v. Bank of Standing Rock, supra; Moseley v. Ritter et al., 226 Ala. 673, 148 So. 139; Etheredge v. Etheredge, 226 Ala. 618, 148 So. 114; Moore v. Berryman et al., 224 Ala. 555, 141 So. 192.

The court of equity, having taken jurisdiction of the parties and subject-matter, will and did do complete equity as to the several questions of fact presented as to foreclosure and redemption. Whaley v. Wilson, 112 Ala. 627, 20 So. 922; Booth v. Foster, 111 Ala. 312, 20 So. 356, 56 Am.St. Rep. 52; May v. Lowery et al., 214 Ala. 230, 107 So. 67; Lauderdale Power Co. v. Perry, 202 Ala. 394, 80 So. 476.

The evidence convinces us that there was no consideration for the $2,000 mortgage, and it was properly canceled by the decree; that there was a sum due on the $672.10 mortgage which was ascertained and declared in the decree and time fixed for the payment of the sum ascertained to be due; this time being extended for a like period from the rendition of this judgment of affirmance.

The motion for a rehearing was under chancery practice rule No. 81, and was an appeal for the exercise of the discretion of the court. It is not the subject of review on appeal. Hamilton, as Guardian Ad Litem, et al. v. James, as Guardian (Ala. Sup.) 166 So. 425;[1] Van Schaick, Superintendent of Insurance of New York, v. Goodwyn et al., 230 Ala. 687, 163 So. 327.

The costs of this appeal will be taxed against the appellant.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

