193 So. 420

**BADHAM et al. v. JOHNSTON et al.**

4 Div. 113.

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied Feb. 6, 1940.

Chauncey Sparks, of Eufaula, and Richard Hail Brown, of Birmingham, for appellants.

G. M. Harrison and A. K. Merrill, both of Dothan, for appellees.

ANDERSON, Chief Justice.

This appeal is from an interlocutory decree authorized by §§ 6079 and 6081 of the Code 1923, overruling the defendants' "demurrers to the original bill and the bill as amended," and their motion to dissolve the temporary injunction granted upon the filing of the bill, before the order removing the administration of the estate of Leila J. Badham, deceased, was

entered. Ashurst et al. v. Ashurst, 175 Ala. 667, 57 So. 442; Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837. The order of removal was subsequently made, and the irregularity was waived by the motion to dissolve. East & West Railroad Company of Alabama et al. v. East Tennessee, Virginia & Georgia Railroad Company, 75 Ala. 275.

On this appeal, under the statutes above cited, the ruling of the court on "the motion to strike certain portions of the complaint" is not reviewable, and the assignments of error predicated thereon are without merit.

The bill, filed by Leila Badham Johnston, and W. Young Johnston, minors by next friend, Lila Johnston, individually and as trustee of said minors, and as administratrix cum testamento annexo of the will of Willie M. Johnston, deceased, against William T. Badham, individually and as executor of the last will and testament of Leila J. Badham, deceased, and as trustee of the estate of said Leila J. Badham, under said will and V. C. Badham, the cestui que trust, a non-resident of the state, seeks:

First, to remove the ancillary administration of the estate of Leila J. Badham, deceased, from .the Probate Court of Barbour County to the Circuit Court, in equity; to enjoin the sale of certain property belonging to the trust estate and for the removal of the trustee.

Second, to establish a trust arising out of an alleged gift, as a wedding present, of "Westover formerly known as the Williams place," an ancestral home and adjoining plantation, evidenced by letters and subsequent dealings therewith by the donor Leila J. Badham in her lifetime.

Third, to determine and quiet the title to real property situated in the State of Georgia, as between the administratrix of Willie M. Johnston, deceased, and V. C. Badham sole distributee, under the laws of Georgia, of the estate of his wife, the said Leila J. Badham, deceased.

The demurrer is not addressed to any separate aspect of the bill, but is addressed to the bill as a whole, and to the separate paragraphs of the bill.

The decree, from which the appeal is prosecuted, recites: "Submission is further had on the demurrers to the original bill and the bill as amended, and on consideration, it is now ordered, adjudged and decreed that such demurrers be and the same are hereby overruled." [Italics supplied.]

This, under repeated decisions, was a ruling on the demurrer to the bill as a whole. Sandlin et al. v. Anders et al., 210 Ala. 396, 98 So. 299; Oden v. King et al. 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

It is a familiar rule of equity pleading that a demurrer addressed to the bill as a whole is not well taken if the bill in any one of its aspects is not subject to the stated grounds of demurrer. Kelly v. Carmichael, supra; Cade et ux. v. Walker, 214 Ala. 675, 108 So. 594.

If the bill is multifarious and the demurrer takes the point, though addressed to the bill as a whole, it should be sustained. The point of multifariousness is not taken by the demurrer, and whether or not the bill is within the influence of § 6526 of the Code is not presented. Ellis et al. v. Crawson, 147 Ala. 294, 41 So. 942; Code 1923, § 6553.

The pleader, in drafting the demurrer, seems to have had in mind only that aspect of the bill which seeks to remove the administration of the estate from the Probate Court to the Circuit Court, for further administration; to control the trustee, William T. Badham, in the exercise of the broad discretion vested in him by the will of Leila J. Badham, deceased, and to compel him to exhaust all the trust property in effecting the purposes of the trust before selling the store property in Eufaula, of which the minor Leila Badham Johnston is a mere residuary executory devisee as to this property. Code 1923, §§ 6902, 6905.

No thought seems to have been given to the aspects of the bill which seek to establish a trust in "Westover," and the aspect seeking to settle title to the real property situated in the State of Georgia. Treating amendable defects apparent on the face of the bill, as amended as must be done on considering the general demurrer for want of equity, the bill in the second aspect mentioned has equity, certainly to the extent of requiring an accounting for the purchase money received by Leila J. Badham, deceased, and loaned by J. H. Ilderton and Leila J. Badham as trustees for the minors, W. Y. Johnston, Jr., and Leila Badham Johnston, and probably to establish a trust in "Westover" on the basis of a gift evidenced by the letters of

Leila J. Badham, deceased, and V. C. Badham, and the subsequent dealings with the property unless such gift is interdicted by § 8269 of the Code. Code 1923, § 6917; Wiggs v. Winn. 127 Ala. 621, 29 So. 96.

This is sufficient under the authorities cited to justify the decree overruling the demurrers to the bill.

The motion to dissolve the injunction was rested solely on the ground that there was no equity in the bill, and the ruling of the court on this motion might well be rested on the ground that the bill is not without equity, in the aspect noted above, but the parties have argued other questions which go to the aspect of the bill on which the injunction itself operates—the control of the trustee in the exercise of the discretion vested in him by the instrument creating the trust.

The trust is created by the 11th and 12th paragraphs of the will dealing with the residuary estate of the testatrix, left after specific devises, and is in language following:

"11—All the rest, residue and remainder of my estate, real personal, and mixed, wheresoever situated, which I may own at the time of my death, I give, bequeath and devise unto my nephew, William T. Badham, as Trustee, his heirs, executors, administrators, successors and assigns forever, *in trust* for the following purposes, to-wit:

"(1) To use, apply and expend from time to time as needed, as much of the trust property, income or corpus or both, as may be necessary or proper, for and to the comfort, support and maintenance of my husband, Vernon Cosby Badham, for and during the term of his natural life, the support and maintenance so to be furnished to him shall be ample and comfortable and fully up to his station in life and previous standard of living.

"(2) In order that the said Trustee may completely and easily accomplish and effectuate the aforesaid purposes of the trust, I hereby vest him with full power to take possession of the trust estate, and hold, manage and control the same, to convert into cash all or any part of the trust property, to invest and re-invest the trust funds, to operate and lease the farming lands, to hold and rent out the other realty, and to mortgage or sell all or any part of the trust estate, as in his judgment and discretion may seem wise, proper necessary or expedient. All cost and expenses of ad-

ministration shall be paid by the Trustee out of the funds of the Trust Estate from time to time as such costs and expenses become due.

"That the main purpose in creating this Trust is to provide an ample and comfortable support and maintenance for this said Vernon Cosby Badham, for and during the term of his natural life; and I direct that the provisions of the Trust be liberally construed, so as to fully and completely accomplish this purpose.

"That the property herein directed to be applied to the support and maintenance of the said Vernon Cosby Badham shall not be subjected by his creditors, if any, to the payment of his debts.

"That upon the death of the said Vernon Cosby Badham, and the complete accomplishment of the aforesaid purposes of the trust, then, if at that time, any balance of the trust property shall remain on hand, such balance, if any, shall be divided as follows: My store building, No. 132 Broad Street, Eufaula, Alabama, to my niece, Leila Badham Johnston. The rest, residue, and remainder of the trust property shall be divided among my nephew, William T. Badham, my niece Leila Badham Johnston and my nephew, William Young Johnston, share and share alike, the division to be per stirpes.

"12—It is my will that the Trustee, William T. Badham, is not to be discharged, and the division of the remaining trust property, after the death of my husband, Vernon Cosby Badham, is not to be made until my niece, Leila Badham Johnston attains the age of twenty-five (25) years. But in the event, the said William T. Badham cannot serve as Trustee, after the death of my said huusband, Vernon Cosby Badham, then, in that event, the said William T. Badham, is authorized to appoint his successor in office, *but that successor is to be a person not related to my niece, Leila Badham Johnston.*" [Italics supplied.]

Clearly, as before stated, Leila Badham Johnston as to the property designated as "My store building, No. 132 Broad Street, Eufaula, Alabama," is a mere executory devisee, and her contingent interest does not rise to the dignity of an estate in the property under the very terms of the statute, § 6902, which provides: *"No estate in lands can be created by way of contingent remainder; but every estate created by any will or conveyance, which might have taken effect as a contingent remain-*

der, has the same properties and effect as an executory devise.", [Italics supplied.] See, also, § 6905.

On this basis appellants insist that she has no such interest in the property embraced within the trust as will enable her to invoke the aid and jurisdiction of a court of equity to protect her interest, though her mere contingent interest is threatened by mal-administration of the trustee. The authorities settle this contention adversely, to appellants' contention. Ussery et al. v. Darrow et al., 238 Ala. 67, 188 So. 885; Braley v. Spragins et al., 221 Ala. 150, 128 So. 149, 154.

In the case last cited it was observed: "It is held by this court that a contingent remainderman or a reversioner may invoke a construction of a will, or maintain a bill for the protection of the property in which, by the will, such party is given an interest, though it be prospective." Citing as supporting authorities, Nabors et al. v. Woolsey, 174 Ala. 289, 56 So. 533; Gunter v. Townsend et al., 202 Ala. 160, 79 So. 644; Myrick v. Williamson et al., 190 Ala. 485, 67 So. 273; Stewart et al. v. Morris, 202 Ala. 113, 79 So. 579, and others.

To authorize such interference at the instance of such party, however, it must be made to appear that the trustee is guilty of mal-administration of the trust or is threatening to dispose of the property and divert the proceeds from the uses and purposes for which it is set apart, and not for the protection of the property embodied in the trust.

The major purpose of the testatrix in setting up the trust was to make ample provision for the comfortable support and maintenance of her aged husband for and during the remainder of his life— he is the paramount object of her bounty— and to this end she invested the trustee with a broad personal discretion, authorizing him to sell and dispose of the property, or any part thereof as his judgment and discretion might dictate, and so long as he does not wrongfully abuse this broad discretion to the end of diverting the property or its proceeds to other purposes than carrying out the trust and preserving the corpus of the trust estate, this discretion should not be dominated and controlled at the instance of persons with a mere contingent or prospective interest. Hoglan et al. v. Moore et al. 219 Ala. 497, 122 So. 824. Such person is not entitled to what

the bill terms "a marshalling of assets" to protect a mere expectant interest. Ewing v. Bay Minette Land Co. et al., 232 Ala. 22, 166 So. 409. The complainant, Leila Badham Johnston, is not the only executory devisee, and if she is entitled to have a marshalling of assets, the other executory devisees may seek like relief with the result that the trust will be made subservient to their interest, 'and the interest of the cestui que trust may be wholly neglected and eventually destroyed.

On motion to dissolve an injunction for want of equity in the bill, the facts stated and not the manner of their statement must be considered, and all amendable defects will be treated as amended. Chambers et al. v. Alabama Iron Company, 67 Ala. 353; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

So treating the bill as related to the first aspect, though the facts may be illy pleaded, it shows that some of the complainants have a vested interest as devisees under the will in property not within the trust set up for the benefit of Vernon Cosby Badham, and are entitled to maintain the bill to remove the administration of the estate from the Probate Court to the Circuit Court without showing a special equity. Baker Adm'r v. Mitchell, 109 Ala. 490, 20 So. 40; Dent et al. v. Foy et al., 204 Ala. 404, 85 So. 709; Code 1923, § 6478.

The object of the trust created by the will is single in purpose—for the comfortable maintenance of the testator's aged husband suitable to his station in life as a man of wealth, and as the italicized provisions of the will creating the trust clearly indicate it is contrary to the expressed purposes of the will that the interest of the complainant testamentary devisee should dominate the administration of the trust or embarrass the trustee in carrying out the desired purpose, and the courts should not interfere to compel the trustee to administer the properties in Alabama, and those situated in South Carolina separately as two separate trusts.

The bill shows that most of the property has been sold for taxes; that the subject of the executory devise to Leila Badham Johnston has been so sold, and is encumbered by mortgage subject to foreclosure. If the trustee is unduly restrained through the injunctive power of the court such interference may work irreparable injury to the trust.

The injunction, on proper application, should be modified so as not to embarrass the trustee, and should be limited to preventing a diversion of the property or its proceeds from the purpose of the trust and the protection of the trust property.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.