14 So.2d 730

### BADHAM v. BADHAM et al. (two cases).
#### 6 Div. 2, 3.

Supreme Court of Alabama.

April 15, 1943.

Rehearing Denied June 5, 1943.
Rehearing Granted Aug. 7, 1943.

Robert C. Garrison and Richard Hail Brown, both of Birmingham, for appellants.

624

Bradley, Baldwin, All & White, of Birmingham, and Merrill & Harrison, of Dothan, for appellee (guardian).

BROWN, Justice.

The order of submission entered in the circuit court, in equity, recites, "On this the 16th day of August, 1941, it is ordered by the court that this cause be submitted for decree on the sufficiency of the pleas to the bill of complaint as last amended and to the cross-bill as last amended."

Following this submission on the same date the court entered the following order:

"This cause coming on to be heard was submitted for hearing and decree on the sufficiency of the pleas of Lila M. Johnston, as Guardian of the infant respondents to the Bill of Complaint as last amended and to the Cross Bill of Respondent, William T. Badham, as Trustee of the Estate of Leila J. Badham, Deceased, as last amended, and the same having been considered by the Court the Court is of the opinion that said pleas are sufficient,

"Wherefore, it is ordered, adjudged and decreed by the Court that said pleas to the said Bill of Complaint as last amended and to said Cross Bill as last amended, be and they are hereby held sufficient and that the sufficiency thereof be and is hereby sustained.

"Done and ordered, this the 16th day of August, 1941."

At a later date the court entered the final decree in words as follows:

"Upon motion of respondents to dismiss said cause for that complainant was allowed thirty days from the 19th day of November, 1941, in which to amend the bill of complaint and to date hereof no amend-

ment has been filed, it is, upon consideration thereof,

"Ordered, adjudged and decreed by the Court that this cause, including the cross-bill be and it is hereby dismissed.

"Court costs accrued in said cause are hereby taxed against complainant for which let execution issue.

"Done and ordered, this the 23rd day of December, 1941."

From this decree the complainant and the respondent who filed the answer and cross-bill separately appealed and separately assigned errors.

■ Taking the recital of the final decree at its face value the respondent William T. Badham, as trustee under the will of Leila J. Badham, deceased, joined in the motion "to dismiss said cause" and can take nothing by his appeal.

■■ No reason appears on this record why the original bill should have been dismissed. We assume the parties, and the court, proceeded on the theory that inasmuch as the special pleas filed to the bill were adjudged sufficient, that it was incumbent on the complainant to amend his bill and avoid the defense set up therein by pleading additional facts, or to disprove the pleas.

That position is untenable. The complainant had the option to amend if he could by alleging facts which would avoid the defenses specially pleaded, or take issue thereon. Templeton v. Scruggs et al., 234 Ala. 146, 174 So. 237. The effect of the pleas was to admit the allegations of the bill and, if the cause had been submitted for final decree and the pleas were not sustained by proof, complainant would be entitled to relief, assuming that there was equity in the bill. Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

■ The submission being only to test the sufficiency of the pleas, complainant's failure to amend the bill was tantamount to taking issue on the special pleas, and the burden was on the defendant to offer proof to sustain them, and it was error to dismiss the bill. Howell v. Howell et al., 171 Ala. 502, 54 So. 601; Prowell v. Wilson, supra.

The original bill is filed by Vernon Cosby Badham against William T. Badham, as trustee of the estate of Leila J. Badham, deceased, William Young Johnston and Leila Badham Johnston, minors, alleging that he is the principal beneficiary in the trust created by said will which, after certain specific bequests, bequeathed to and vested in said trustee, "All the rest, residue and remainder of my estate, real, personal, and mixed, wheresoever situated, which I may own at the time of my death * * * forever, in trust for the following purposes, to-wit:

"(1) To use, apply and expend from time to time as needed, as much of the trust property, income or corpus or both, as may be necessary or proper, for and to the comfort, support and maintenance of my husband, Vernon Cosby Badham, for and during the term of his natural life, the support and maintenance so to be furnished to him shall be ample and comfortable and fully up to his station in life and previous standard of living.

"(2) In order that the said Trustee may completely and easily accomplish and effectuate the aforesaid purposes of the trust, I hereby vest him with full power to take possession of the trust estate, and hold, manage and control the same, to convert into cash all or any part of the trust property, to invest and re-invest the trust funds, to operate the lease the farming lands, to hold and rent out the other realty, and to mortgage or sell all or any part of the trust estate, as in his judgment and discretion may seem wise, proper, necessary or expedient. All cost and expenses of administration shall be paid by the Trustee out of the funds of the Trust Estate from time to time as such costs and expenses become due.

"That the main purpose in creating this Trust is to provide an ample and comfortable support and maintenance for this said Vernon Cosby Badham, for and during the term of his natural life; and I direct that the provisions of the Trust be liberally construed, so as to fully and completely accomplish this purpose.

"That the property herein directed to be applied to the support and maintenance of the said Vernon Cosby Badham shall not be subjected by his creditors, if any, to the payment of his debts.

"That upon the death of the said Vernon Cosby Badham, and the complete accomplishment of the aforesaid purposes of the trust, then, if at that time, any balance of the trust property shall remain on hand, such balance, if any, shall be divided as follows: My store building No. 132 Broad Street, Eufaula, Alabama, to my niece, Leila Badham Johnston. The rest, residue,

and remaining of the trust property shall be divided among my nephew, William T. Badham, my niece Leila Badham Johnston and my nephew, William Young Johnston, share and share alike, the division to be per stirpes. * * *"

The bill alleges "that respondent is allowing complainant only $250.00 per month for support, which sum is not adequate to maintain complainant 'comfortably and fully up to his station in life and previous standard of living' his previous standard of living having been that of a man of wealth, and respondent refuses to provide more for said support until so directed by a court of competent jurisdiction."

The bill prays for the interpretation of said fourth paragraph of the will, and for general relief.

The guardian of said minors appearing and pleading for them filed in their behalf several special pleas, setting up the pendency in the circuit court, in equity, Barbour County of the case of Badham et al. v. Johnston et al., filed by said minors in February, 1940, the scope and purpose of said proceeding, as stated in the opinion of this court on appeal, was:

"First, to remove the ancillary administration of the estate of Leila J. Badham, deceased, from the Probate Court of Barbour County to the Circuit Court, in equity; to enjoin the sale of certain property belonging to the trust estate and for the removal of the trustee.

"Second, to establish a trust arising out of an alleged gift, as a wedding present, of 'Westover formerly known as the Williams place,' an ancestral home and adjoining plantation, evidenced by letters and subsequent dealings therewith by the donor Leila J. Badham in her lifetime.

"Third, to determine and quiet the title to real property situated in the State of Georgia, as between the administratrix of Willie M. Johnston, deceased, and V. C. Badham sole distributee, under the laws of Georgia, of the estate of his wife, the said Leila J. Badham, deceased." Badham et al. v. Johnston et al., 239 Ala. 48, 50, 193 So. 420, 421.

The pleas allege that the parties here were all parties to that bill. Plea 1 embodies the final decree of the court, which, omitting caption and recitals of an amendment not here material, is as follows:

"This cause is submitted upon the bill of complaint as finally and lastly amended, the answer of the respondents thereto, the petition of William T. Badham as Executor and as Trustee under the last Will and Testament of Leila J. Badham, deceased, setting up the basis of agreement of settlement made between him and the Complainants and especially with the Guardian of the minors involved in this suit, praying for a confirmation of said agreement and a decree of the Court incorporating the agreement and ordering its execution by the parties to this suit, the answer of the guardian of the minors admitting the allegations of the petition and joining in the request and prayer, answer of the Guardian ad Litem heretofore appointed by the Court denying the allegations of the petition and demanding strict proof, consent in writing by all of the parties to the hearing of this cause at this time and place, and to the taking of testimony orally, and the testimony this day taken orally before the Court and transcribed by the Court Reporter and filed in this cause.

"Upon consideration of the pleadings and oral testimony, it is the judgment of the Court that the petition of the Respondent, William T. Badham, as Executor and Trustee under the last Will and Testament of Leila J. Badham, deceased, should be granted. It is therefore ordered, adjudged and decreed by the Court:

"1st. That the settlement of said cause, and the terms of the settlement, as set out in the petition of the Respondent, William T. Badham, hereinabove noted, be and the same is hereby, in all respects, ratified, approved and confirmed, it being the opinion of the Court that such settlement is for the best interest of the minors in this case.

"2nd: To effect the complete accomplishment and *caring* [carrying] out of said agreement, the Court does hereby order:

"(a) There is hereby vested in said two minors, Leila Badham Johnston and W. Young Johnston, jointly the legal title to the property described in the complaint as the Broad Street Store in Eufaula, Alabama; subject to an estate in William T. Badham, as said Trustee, for and during the life of Vernon Cosby Badham, by means of a proper deed from said Trustee, which he is hereby ordered to execute and deliver, provided however that said Trustee, William T. Badham is hereby ordered to pay all ad valorem taxes on same during the life estate except those coming due sub-

sequent to the death of said V. C. Badham, and provided further that the Grantees, Leila Badham Johnston and W. Young Johnston, and their mother, Lila Johnston, who consents hereto, be and they are hereby ordered promptly to make all reasonable and necessary repairs and to keep the property at all times insured for $5000.00 against fire and windstorm, and promptly to repair with said insurance proceeds any damage or loss by fire or wind, unless there shall be a loss of 75%, total, or more, in which event there shall be no obligation to repair; provided further that on the termination of the present lease to McCrory Stores, the property shall be advantageously re-let immediately, and in the event the life tenant and the remaindermen cannot agree on a proper lease, Chauncey Sparks shall be empowered as the representative of all parties to rent said property from year to year during the life estate, and it is ordered that his contract of rental shall be binding on all parties; provided further that said conveyance shall be subject to a certain mortgage on said property to the Protective Life Insurance Company, in the sum of $1412.50, which the grantees are hereby ordered to pay, with interest from date of this decree, not later than April 27th, 1940, or to secure a release of said Executor and the life estate herein created from said mortgage by said date.

"(b) That said William T. Badham, as said Executor and Trustee, be and he is hereby ordered to execute a quit claim deed to Lila Johnston to the land referred to in the complaint as the Georgia property in Randolph and Quitman Counties, Georgia.

"(c) That all liability of every obligor on the injunction bond filed in this case be and is hereby completely discharged and said bond is hereby cancelled.

"(d) That all claims of said minors or on their behalf, filed or unfiled by them, or for them by Trustee or Guardian, against the estate of Leila J. Badham, be and the same are hereby cancelled, satisfied and discharged and released in full, and the Executor is hereby discharged from liability therefor.

"(e) That Lila Johnston individually, and as Guardian for said minors, be and she is hereby ordered to execute a statutory warranty deed to said Trustee, William T. Badham, to the property referred to in the complaint as 'Westover,' or the Williams Place, and there is hereby vested in him a clear and complete title to said property and

the right to sell, which property and the proceeds thereof shall be held by him under the terms and for the purpose expressed in said Will, and also for the payment of such obligations against the trust property as this decree may declare.

"(f) That all debts now or hereafter due by said Executor William T. Badham, as such, shall be assumed by him as such Trustee, and paid by him out of the property in said trust, to the end that the estate of Leila J. Badham may be finally settled and the Executor discharged as soon as is practicable.

"(g) That the Court costs in this case be paid by William T. Badham, as Executor or as Trustee.

"It is further ordered that the Executor, William T. Badham, render his accounts to this Court for a final settlement of the estate of Leila J. Badham, deceased, within a reasonable time.

"It is further ordered, adjudged and decreed by the Court that all matters in this case be and they are hereby fully, finally and completely settled, both in regard to the administration of the estate of Leila J. Badham, deceased, and the trusteeship of William T. Badham under her will, except the final settlement of the administration and the proper enforcement of this decree, for which purposes alone the Court retains jurisdiction of this cause.

"It is further ordered that all necessary writs for the enforcement of the above decree may, from time to time, be issued in favor of the person entitled to the enforcement. * * * "

As appears from its face said decree was a final decree confirming a settlement by the parties, on proof that it was for the best interest of the minors named, and cancelled and determined "all claims of said minors or on their behalf, filed or unfiled by them, or for them by trustee or guardian, against the estate of Leila J. Badham" and "cancelled, satisfied and discharged and released in full" all such claims, and discharged the executor from liability therefor. The decree concludes, "It is further ordered, adjudged and decreed by the Court that all matters in this case be and they are hereby fully, finally and completely settled, both in regard to the administration of the estate of Leila J. Badham, deceased, and the trusteeship of William T. Badham under her will, *except the final settlement of the administration* and the proper enforcement of

628

this decree, *for which purposes alone the Court retains jurisdiction of this cause.*"

The controversy in the instant case in no way relates to the settlement of the ancillary administration but solely to the rights of Vernon Cosby Badham, the principal cestui que trust and his claim for adequate support out of the trust estate of which it was observed on the appeal from the Barbour circuit court, in equity, "The major purpose of the testatrix in setting up the trust was to make ample provision for the comfortable support and maintenance of her aged husband for and during the remainder of his life—he is the paramount object of her bounty—and to this end she invested the trustee with a broad personal discretion, authorizing him to sell and dispose of the property, or any part thereof as his judgment and discretion might dictate, and so long as he does not wrongfully abuse this broad discretion to the end of diverting the property or its proceeds to other purposes than carrying out the trust and preserving the corpus of the trust estate, this discretion should not be dominated and controlled at the instance of persons with a mere contingent or prospective interest. Hoglan et al. v. Moore et al., 219 Ala. 497, 122 So. 824. Such person is not entitled to what the bill terms 'a marshalling of assets' to protect a mere expectant interest. Ewing v. Bay Minette Land Co. et al., 232 Ala. 22, 166 So. 409."

None of the pleas filed by said minors disclose with sufficient certainty the purpose and scope of the bill filed in the circuit court of Barbour County, and the decree attached to and made a part of one of said pleas shows that jurisdiction in that case was retained by the circuit court of Barbour County for the limited purpose of a settlement of the ancillary administration by the executor, and for enforcement of the settlement between the parties. The interest of said minors in such settlement is determined and concluded against them by said final decree. Taking as true the allegations of plea 1, yet construing them most strongly against the pleader, said settlement approved by the court between the parties was intended and did conclude and bar said minors from any contingent interest in the residuary estate under the will of Leila J. Badham, deceased.

The ancillary administration relates only to personal assets within the jurisdiction. Hatchett v. Berney, 65 Ala. 39; Grayson v. Robertson, 122 Ala. 330, 25 So. 229, 82 Am.St.Rep. 80; 21 Am.Juris, p. 849, § 852.

The court, therefore, erred in sustaining the sufficiency of said pleas and in dismissing the bill.

Reversed and remanded.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.

On Rehearing.

GARDNER, Chief Justice.

The holding of the original opinion that the pleas in abatement filed by the minors were insufficient is rested upon a construction of the final decree rendered in the Barbour County Circuit Court in Equity by way of settlement of the litigation therein pending which reached this court in Badham v. Johnston, 239 Ala. 48, 193 So. 420. Stress was laid upon that part of the decree confirming the settlement between the parties, wherein it was stated that all claims of said minors or on their behalf, filed or unfiled by them, or for them by trustee or guardian, against the estate of Leila J. Badham, were cancelled, satisfied, and discharged and released in full, and the executor discharged from liability therefor. The conclusion was therefore reached that, by this language, all interest of the minors in the residuary estate of the testatrix, as provided for in the will, was surrendered, and that as a consequence the minors had no further interest in such estate. We are persuaded we fell into error in so construing the decree.

This language of the decree has reference to claims against the estate of the testatrix and was used in connection with the settlement of the litigation then pending by the minors against the executor and trustee. It had no reference to the interest of the minors in the residuary estate, as provided for in the will, which we think is confirmed upon reading the entire decree. Illustrative is the paragraph following this language in the decree, relating to the property referred to in the complaint as "Westover," wherein it is specifically provided that this property, or its proceeds when sold, shall be held under the terms and for the purpose expressed in the will and for the payment of such obligations against the trust property as this decree may declare. As we have previously indicated, the language upon which we laid stress in the

original opinion had reference to claims *against* the estate and not to any interest in the estate, as provided for under the terms of the will. Though of course not binding upon the court in its interpretation of the decree, yet the agreement of all counsel that such is its proper interpretation adds weight to this conclusion.

Having determined, therefore, that the ground for holding the pleas insufficient is untenable, their sufficiency must be considered in other aspects. The original bill was by the *cestui que trust* to call the trustee to account and to increase the monthly allowance for his support. This bill was filed in Jefferson County, where the trustee resided, and the minors were made parties defendant. The trustee filed answer and cross-bill in which he attempts to have settlement and an accounting of his executorship, as well as of his trusteeship. The minors filed these pleas in abatement, both to the original bill and to the cross-bill. These pleas are based upon the theory that the ancillary administration of the estate of the testatrix had been removed into the Equity Court of Barbour County and was there pending where the decree of settlement referred to above was entered, and that any relief sought by any party concerning the accounting of the executor and trustee should be sought in the Equity Court of Barbour County and not that of Jefferson County. We are persuaded this is the correct theory.

 Under the will the office of executor and that of trustee were united in the same person. When this is the case, the authorities are to the effect that he holds the estate in his hands as executor until the assets which came into his possession as executor are separated and distinguished from other assets of the estate, either actually or upon some established legal theory. Lane v. Lane, 240 Ala. 447, 199 So. 870; Davis v. Davis, 10 Ala. 299. In both of these cases the office of executor and guardian were united in the same person, and in the latter the court observed: "To ascertain the amount in his hands as executor, to which the ward is entitled, it is obvious a settlement of his accounts as executor, would be necessary." And Fleming v. Walker, 152 Ala. 386, 44 So. 536, 126 Am.St.Rep. 46, recognizes the principle that the executor will be held to hold the property in that capacity, unless it be made to appear by some plain and unequivocal

act that he elected to hold the fund in his capacity as trustee. Authorities from other jurisdictions are to like effect. Bellinger v. Thompson, 26 Or. 320, 37 P. 714; White v. Ditson, 140 Mass. 351, 4 N.E. 606, 54 Am.Rep. 473; Jones v. Broadbent, 21 Idaho 555, 123 P. 476. See also 65 C.J. page 641; Springfield National Bank v. Course, 288 Mass. 262, 192 N.E. 529, 94 A.L.R. page 1460 et seq.

 In the decree rendered in the Equity Court of Barbour County it was expressly provided that the executor render to that court his accounts for final settlement of the estate; and if it could be considered that under the terms of that decree that the two offices of executor and trustee had been merged, yet it must be conceded that the decree anticipated further steps looking to the final accounting in that court. Certainly, the accounting as executor must be had in the Barbour Equity Court, for there the administration of the estate is pending. The pleas in abatement, therefore, to the cross-bill were sufficient. We are persuaded they were also sufficient as against the original bill. The settlement of the trusteeship could not be had with any degree of accuracy without a settlement by the executor. That is the general rule, and there has been no clear and unequivocal act which would take this case from without that recognized principle. True, the decree provides that debts "now or hereafter due by said executor" shall be assumed by him as such trustee and paid by him out of the property in said trust. But, to use the language of the decree, this was to be "to the end that the estate of Leila J. Badham may be finally settled and the executor discharged as soon as practicable." And the decree further shows that this acocunting was to be had in the Barbour court and there the final settlement of the administration of this estate had. The parties intended a final settlement of all the matters involved in that case, both concerning the administration of the estate and the trusteeship, but the decree calls for a final settlement of the administration and the court retains jurisdiction for that purpose.

Under these circumstances, therefore, we are persuaded the *cestui que trust* should have proceeded in the Barbour court for the accounting, which had been expressly provided for in the settlement decree. It is clear enough that an accounting by the trustee necessarily involves likewise an

accounting by him as executor, and as we have previously observed, the accounting as executor must of necessity be held in the Barbour court. If the accounting under the original bill should be had in the Jefferson court, it is entirely possible that a conflict between the decrees of the two courts might arise. We are, therefore, of the opinion that these pleas were sufficient as against the original bill as well as the cross-bill, and that the chancellor correctly so ruled.

 We are in accord with the original opinion to the effect that the dismissal of the bill and the cross-bill was improper, as the pleas in abatement stood for proof , and no amendment of the original bill was rendered necessary by reason of the ruling of the court that the pleas in abatement were sufficient; and, of course, that the dismissal was error. The writer was first impressed the reversal should not be rested upon this error because of the judicial notice we take of our own records, and that we could hold the error in that regard was error without injury. But upon examination of Alexander v. Letson, 232 Ala. 208, 167 So. 265; Id, 242 Ala. 488, 7 So.2d 33, and Crossland v. First National Bank, 233 Ala. 432, 172 So. 255, we are persuaded the pleadings and issues do not justify the application of the principle of error without injury.

We are, therefore, of the opinion that on this application for rehearing the opinion and judgment of this court should be modified so as to affirm the ruling holding sufficient the pleas in abatement and reversed as to the dismissal of the bill. The proper order should therefore be, "affirmed in part and in part reversed and remanded."

Application granted, and judgment of reversal modified. Affirmed in part and in part reversed and remanded.

FOSTER, LIVINGSTON, and LAWSON, JJ., concur.

THOMAS and BROWN, JJ., dissent.

BOULDIN, J., not sitting.

BROWN, Justice, dissenting.

The prevailing opinion on rehearing asserts: "The holding of the original opinion that the pleas in abatement filed by the minors were insufficient is rested upon a construction of the final decree rendered in the Barbour County Circuit Court in Equity by way of settlement of the litigation therein pending which reached this court in Badham v. Johnston, 239 Ala. 48, 193 So. 420. Stress was laid upon that part of the decree confirming the settlement between the parties, wherein it was stated that all claims of said minors or on their behalf, filed or unfiled by them, or for them by trustee or guardian, against the estate of Leila J. Badham, were cancelled, satisfied, and discharged and released in full, and the executor discharged from liability therefor. The conclusion was therefore reached that, by this language, all interest of the minors in the residuary estate of the testatrix, as provided for in the will, was surrendered, and that as a consequence the minors had no further interest in such estate."

This is clearly a misinterpretation of the original opinion. We quote from that opinion which points out the defects in the pleas: "None of the pleas filed by said minors disclose with sufficient certainty the purpose and scope of the bill filed in the circuit court of Barbour County, and the decree attached to and made a part of one of said pleas shows that jurisdiction in that case was retained by the circuit court of Barbour County for the limited purpose of a settlement of the ancillary administration by the executor, and for enforcement of the settlement between the parties. The interest of said minors in such settlement [mark you, not the estate] is determined and concluded against them by said final decree. Taking as true the allegations of plea 1, yet construing them most strongly against the pleader, said settlement approved by the court between the parties was intended and did conclude and bar said minors from any contingent interest in the residuary estate under the will of Leila J. Badham, deceased.

"The ancillary administration relates only to personal assets within the jurisdiction. [Citing authorities.]"—[Brackets supplied.]

The decree as a whole dealt with not only claims filed and unfiled by the minors, but also with the ownership and title to the property which constituted a part of the trust. The interest of Leila B. Johnston in the store property in Eufaula was converted by that decree, contrary to the provisions and purpose of the will, into a vested interest and title in fee in Leila Badham Johnston and William Young Johnston, jointly, reserving to the cestui

que trust Vernon C. Badham the right to the rents and incomes therefrom during his lifetime.

The pleas do not show upon what consideration this interest in the property was converted into a vested interest in said executory devisees.

Said decree also ordered the trustee to execute a quit claim deed to Lila Johnston to the land referred to in the complaint as the Georgia property in Randolph and Quitman Counties, Georgia. This was property that came to Vernon C. Badham under the will of his · wife, executed and probated in the State of Georgia. The pleas fail to show upon what consideration this was done.

Much stress is . laid in the prevailing opinion on rehearing as to the disposition of "Westover or the Williams Place," and stress is laid upon the provisions of the settlement in the decree "which property or proceeds thereof shall be held by him under the terms and for the purposes expressed in said will, and also for the payment of such obligations against the trust property as this decree may declare." The said Lila Johnston, individually, and as guardian of the minors was ordered by the decree to execute a statutory warranty deed to such trustee William T. Badham to such property. Why the necessity for such conveyance if it was not to release and determine the contingent interests of said minors in said property and the claim of said Lila Johnston. On this subject the pleas are silent.

Another defect in the pleas is they fail to show that there are any personal assets of the estate in this jurisdiction subject to said ancillary administration.

Another fault of the prevailing opinion is that it ignores the well settled rule of equity pleading, that in determining the sufficiency of said pleas, the averments of the pleas are to be construed most strongly against the pleader. Said opinion aids the pleas by admissions in argument not embodied in the pleas, and, by construing it most favorably to the pleader and not against him.

The tragedy of the situation is the chief beneficiary of the trust is the forgotten man. He seeks nothing in his bill except additional support. There should be some power somewhere to give him relief before the candle which is burning low is extinguished.

THOMAS and BROWN, JJ., adhere to the pronouncements in the original opinion.